1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

RAYMOND JENKINS,

             Petitioner,

       v.

SAN BERNARDINO COUNTY JAIL,

             Respondent.

) Case No. ED CV 20-2220-AB (SP)
)
)
)
)
) MEMORANDUM AND ORDER
) SUMMARILY DISMISSING
) PETITION FOR WRIT OF
) HABEAS CORPUS
)
)
)

17

**I.**

18

**INTRODUCTION**

19

20

21

22

On October 20, 2020, petitioner Raymond Jenkins filed an unsigned Petition for Writ of Habeas Corpus (the "Petition"). Because petitioner is an inmate at the West Valley Detention Center and therefore in state custody, the Court has construed the Petition as brought under 28 U.S.C. § 2254.

23

24

25

26

27

28

Although petitioner filed the Petition in this federal Court, the Petition is on a state form and the face page indicates petitioner intended to file it in the Superior Court. Petitioner complains that the San Bernardino County Jail is abusing its authority and failing to release low-risk inmates in accordance with the Governor's order. He seeks the release of all such inmates and charges brought

1

1  against the jail.

2      Because it appears petitioner has filed the Petition in the wrong court and in

3  any event fails to raise a cognizable federal habeas claim, the Petition will be

4  summarily dismissed without prejudice.

5                                          **II.**

6                                    **DISCUSSION**

7      Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to

8  summarily dismiss a habeas petition "[i]f it plainly appears from the petition and

9  any exhibits annexed to it that the petitioner is not entitled to relief in the district

10  court."  Rule 4 also authorizes dismissals on procedural grounds.  *See* 28 U.S.C.

11  § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599,

12  602 (9th Cir. 1989).  Here, the Petition must be dismissed because, among other

13  defects discussed below, the Petition does not raise a cognizable claim for federal

14  habeas relief.

15      First, the Petition was not submitted on this Court's approved form (that is,

16  form CV-69) as required by Local Rule 83-16.1.  Instead, it was submitted on a

17  state habeas petition form.  As such, it does not contain all the information called

18  for by this Court's approved form.

19      Second, it appears that petitioner intended to file the Petition in the Superior

20  Court, not this federal Court.  Not only did petitioner use a state form, but the

21  Petition's caption area names the court in which he is filing the Petition as the

22  Superior Court for the County of San Bernardino.

23      Third, petitioner did not sign the actual Petition.  Rule 2(c)(5) of the Rules

24  Governing Section 2254 Cases in the United States District Courts requires that all

25  § 2254 habeas petitions "be signed under penalty of perjury by the petitioner or by

26  a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Section

27  2242 similarly requires that any application for writ of habeas corpus be "signed

28

1  and verified by the person for whose relief it is intended or by someone acting in

2  his behalf." 28 U.S.C. § 2242.

3      Fourth, and related to the first two problems, it is not clear from the Petition

4  that petitioner has exhausted the claims he seeks to bring in the state courts. A

5  state prisoner must exhaust his or her state court remedies before a federal court

6  may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A);

7  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1

8  (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly

9  present his or her federal claims in the state courts in order to give the State the

10  opportunity to pass upon and correct alleged violations of the prisoner's federal

11  rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865

12  (1995) (per curiam). A habeas petitioner must give the state courts "one full

13  opportunity" to decide a federal claim by carrying out "one complete round" of the

14  state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526

15  U.S. at 845. For a petitioner in California state custody, this generally means that

16  the petitioner must have fairly presented his or her claims in a petition to the

17  California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28

18  U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying

19  *O'Sullivan* to California). The Petition here gives no indication whether petitioner

20  has exhausted its claim, but given the nature of the claim here, it is unlikely he has

21  had time to exhaust his state remedies on the claim. This was the case as to claims

22  of abuse of authority petitioner sought to raise against the San Bernardino County

23  Jail in an earlier habeas petition he filed in this Court four months ago, in case

24  number CV 20-1125-AB (SP), which this Court dismissed for failure failure to

25  exhaust state remedies. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

26  2006) ("Once a district court determines that a habeas petition contains only

27  unexhausted claims, . . . it may simply dismiss the habeas petition for failure to

28

1  exhaust." (citation omitted)).

2      The Court cannot tell for certain on this record that petitioner has failed to
3  exhaust his state remedies, and the first three defects listed above could be readily
4  corrected.  If these were the only errors, the Court would grant petitioner leave to
5  amend the Petition.  But the Petition suffers from a fifth defect that cannot be
6  corrected.  Specifically, the sole claim raised in the Petition is not a cognizable
7  ground for federal habeas relief.

8      A state prisoner is entitled to federal habeas corpus relief only if he is held
9  in custody in violation of the Constitution, laws, or treaties of the United States.
10  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475,
11  116 L. Ed. 2d 385 ("it is not the province of a federal habeas court to reexamine
12  state-court determinations on state-law questions").  "Federal habeas relief does
13  not lie for errors of state law."  *Id.* at 67 (internal quotation marks and citations
14  omitted).  Petitioner's claim here is that the San Bernardino County Jail is abusing
15  its authority by failing to follow the order of California Governor Gavin Newsom
16  to release low-risk offenders.  The Petition does not identify any federal legal error
17  or other federal legal basis for its claim.  Instead, the Petition simply alleges an
18  error of state law or state prison or jail policies.  This claim is not cognizable on
19  federal habeas review.

**III.**

**CONCLUSION**

22      IT IS THEREFORE ORDERED that Judgment be entered summarily
23  dismissing the Petition and this action without prejudice.

25  DATED: November 16, 2020

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

1   Presented by:

2

3   _____

4   SHERI PYM
    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28